IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF PENNSYLVANIA

ABUBAKA A HAQQ
   PLAINTIFF.

vs

WILLIAM J WOLFE, et al.
   Defendants.

Civil Action No. 03-277(Erie)
District Judge McLaughlin
Magistrate Judge Baxter
Objection to Magistrate
Judge Report and Recommendation

## Objection To Magistrate Judge Report and Recommodation

AND NOW - Come Plaintiff Mr. Haqq on this 1st day of August 2005, objecting to the Following: Recommendation. Report.

Plaintiff abubaka a. haqq received order from this here Court: Informing him that his Eighth Amendment Rights - Claim were dismissed and that defendant also move for Summery judgement and dismissal of Document #44 be Granted.

Mr. haqq is Currently Serving Time at Albion State Prison Correctional Institution, of Pennsylvania, Mr. haqq File a Civil Action LawSuit for Violations by Former Superintendent Wolfe and "Then" Counselor David Varner.

(2) Defendant should submit Medical Records as requested by Plaintiff so that Shows Eighth Amendment claim will be Granted. Plaintiff file Motion to have Eighth Amendment Claim Sustain, Because This Court did infact Sustain The Motion for Eighth Amendment. Provinding Medical Records.

Thus This Shower. Predjudice on behalf of the Court

) Pro/se Pleading:

"Pro/se pleading "however inartfully pleaded" must be held to "less Stringat standards than <u>formar</u>" Pleading drafted by "lawyer" and can only be dissmissed for failur to state a claims if "it appears" beyoand a doubt "that Plaintiff can Prove no set of facts in support of his claims which would entitle him to relief" See <u>Haines v. Kerner</u>, 404 U.S.519, 520-521 (1972) quoting <u>Conley v. Gibson</u>, 355 U.S. A,45-46 (1957) if the Court can reasonably read Pleading to state a valid authority Confusion of legal theories

(B)

<u>Eighth Amendment.</u>

Mental anguesh, and griffe, pain and suffering in moust case does leed to depression, - depression leed to pore health, and in moust case which will leed to suawaside: Cognative abilety. to be able. To make good and Sound. desision is very important for a healthy mind, you take that away, what will you have "nothing" not for that person. to leed a sound life, and productive one; in his or her community: So! For Judges to make pore ruleing; and bad Judgement in Caesses as in this one Show Pregudies towards the Plaintiff. in this case. plaintiff did Sustain a physical injurny, and file a motion for medical records: dueing this time of the case. and the motion was denied. So we are seeing much pregudies hure in this case, leenency on-ward the defendants wolfe: There Attorny has liey in the past and said "we dont know wure mr wolfe is" Central office Champ Hill, said: also "we have know knowlege, of mr wolfe where about." and this court brought this, never held mr wolfe. in Contemt of the court, for refusing to comply with the rules of court, and Interrogatries for Discovrey. its a shame to see federal margestrate and Districe Judges Abusing the law as has been ellistrated in this hier case. hagey v wolfe. See Estelle v Gramble

(3)

### Eighth Amendment Claim:

"(our Cases have held that Prison officials violates the Eighth Amendment only when two requirements are met.") The First prong consists of a judicial examination in to the objective Component of the Eighth Amendment. Farmer, 511 U.S. at 834. Prisoners claiming Eighth Amendment violations must prove that they are either deprived of "the minimal Civilized measure of life necessities" Such as essential Food, Clothing, medical Care and Sanitation now; even though, these essential thing were met for Plaintiff, Still Assuming that Confinement Conditions are sufficiently Serious enough to Trigger Eight Amendment Scrutiny, The inquiry then turns to the Subjective Component which requires Prisoners to Show a Sufficiently Culpable State of mind on the Part of responsible Prison officials. See Wilson v. Seiter, 501 U.S. 294, 297, (1991). To Conclusion, the proper analysis of Eight Amendment challenges to prison Conditions involves both an objective and Subjective Components: the Condition Complained of must be objectively Serious, and the officials responsible for those Conditions must be Subjectively Culpable.

The Supreme Court has not yet formulated a specific test to determine the medically-related constitutional rights of pretrial detainees, but has stated that these rights are at least as great as the Eighth Amendment protections available to a convicted prisoner. See *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244 (1983); Applying this rationale, the Third Circuit has agreed that the *Estelle* standard applies to pretrial detainees holding that deliberate indifference to serious medical needs violates the Due Process Clause of the Fourteenth Amendment. See *Boring v. Kozakiewicz*, 833 F.2d. 468, 472 (3d Cir 1987); *Brown v. Borough of Chambersburg* 903 F.2d 274, 278 (3d Cir 1990). Before proceeding with our *Estelle* analysis, it should be pointed with our *Estelle* that the deliberate indifference standard applies to serious mental or emotional illnesses; as well as physical needs See. *Inmates of Allegheny County Jail v Pierce*, 612 F.2d 754, 763) 3rd. Cir 1979), ("Although most challenges to prison medical treatment have focused on the alleged deficiencies of medical treatment for physical ills, we perceive no reason why "psychological or psychiatric care should not be held to the same standard.")- *Bowring v. Godwin*, 551 F.2d 44, 47 (4th Cir 1977) (we see no underlying distinction between the right to medical care for physical ills and its psychological or psychiatric counterpart.").

## The Prison Litigation Reform Act
## The Exhaustion Requirement

Defendants argue, inter alia, that summary judgment should be granted because Plaintiff has failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act. The Prison Litigation Reform Act ("PLRA") 42 U.S.C. 1997(a) provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available exhausted; The requirements that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992).

Thus, federal Courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies: <u>Grimsley v. Rodriguez</u>, 113 F.3d 1246 (Table), 1997 WL 235636 (unpublished opinion) (10th Cir. May 8, 1997) A plaintiff need not affirmatively plead. Importantly, a plaintiff's failure to exhaust his administrative remedies, does not deprive the district court of subject matter jurisdiction. <u>Nyhuis v. Reno</u>, 204 F.3d 65, 69 N.4 (3d Cir 2000) "We agree with the clear majority of courts that 1997e(a) is not a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject exhaustion, but exhaustion is an affirmative defense, which is waived if not properly presented by a defendant. See <u>Ray v Kertes</u>, 285 F.3d 287 (3d Cir 2002)(holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the P.L.R.A. requirement in light of the recent Supreme Court decision in <u>Swierkiewicz v Soreman N.A.</u> 534 U.S. 506 (2002).

## PRISON LITIGATION REFORM ACT OF 1995

On April 26, 1996, President Clinton signed into law the Prison Litigation Reform Act of 1995 ("PLRA"). Although its legislative rights jurisprudence is immense. Henceforward, every prisoner initiated 1983 lawsuit challenging prison conditions must comply with the exhaustion, filing and relief requirements of the PLRA or be dismissed. In addition the PLRA limits the remedial power of federal judge to correct unlawful conditions even if a prisoner proves his case.

The PLRA was designed to achieve two goals: First, curtail the number of frivolous prisoner suits flooding the federal courts. Second, restrict the power of federal judges to order prospective relief in conditions-of-confinement cases. See McCoy v. Gilbert, 270 F.3d 503, 509 (7th Cir. 2001). ("One of the PLRA's primary purposes is to enable prison officials to resolve complaints internally and to limit judicial intervention in the management of state and federal prisons."); Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) (stating that Congress enacted the PLRA "largely in response to concerns about the heavy volume of frivolous prisoner litigation in the federal courts"); Freeman v. Francis, 196 F.3d 641, 644 (6th Cir. 1999) (the PLRA was "passed to reduce frivolous prisoner lawsuits and to reduce the intervention of federal courts into the management of the Nation's prison system").

So, in retrospect the Court must look for undisputed facts in this Case. Material fact is one that might affect the outcome of the suit under the governing law...... Factual disputes that are irrelevant or unnecessary will not be Counted. See Anderson v. Liberty Lobby, Inc 477 U.S 242, 248 (1986). See Gary v. York Newspapers Inc, 957 F.2d 1070, 1078 (3d Cir 1992) "genuine" issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

In determining whether there is a genuine issue of material fact, the Court must view all facts and all reasonable inferences in favor of the Nonmoving party. See Matsushita Electric Industrial Co., Ltd v Zenith Radio Corp 475 U.S. 574, 587, 106 S.Ct 1348 (1986)

Plaintiff attached Exhibit with his Amended Complaint listing where he did infact Exhausted Administrated remedies listing A/. Date filing Grievance 7/5/03     shows this Complet
    Review Date         7/10/2003        the P.L.R.A Act.
    Answer Date         7/20/2003
    Appeal Date         7/24/2003
    Camp Hill Date      8/14/2003.

When we review this statement by Grievance Coordinator from the Final Level of Exhaustion, we see Prejudice on behalf of Central office staff, knowing that Plaintiff had in fact Exhausted is administrative remedies. And this is how these people make hardship for every inmate who is bringing Section 1983 against the Department of Correction D.O.C. According to documents 44# E Attachment, Plaintiff may have "Technically Exhausted states remedies Technically". And this is a lie and incorrect. For these people to even mention. My finding is every prisoner filing Section 1983 knows that P.L.R.A. Act is very very important for him or her. Because this Stoorderdsy is always use by Attorneys for DOC Department of Correction. Attorney General all way move for dismiss due to failure to exhaust administrated remedies.

First Attorney For Mr. Wolfe move for Eighth Amendment claims to be remove. And this court sustain that. For them Attorney General, gets whatever they wants, So! why are we having this trial. Seem to me its been already prejudge on behalf of Attorney General to win this case. Plaintiff file motion for his medical records. Judge Susan Paradis Baxter. Then granted the motion and later denied my motion. Mr Haggy, his self forward in discovery documents of correspondence from Mr Haggy, Sister and sister Employer, That was send to me Wolfe and the exhibit Mr haggy Submitted to this Court. If these Judges is reading any documents from Plaintiff, you will indeed find that I am asking this Court to Sample read Plaintiff records and you will seek justice. Thank You!

In the United States District Court for the Western District of Pennsylvania

ABUBAKA A HAQQ
    Plaintiff
        v
WILLIAM J WOLFE et al
    Defendant

Civil Action No- 03-277 (Erie)
First District Judge: McLaughlin
Magistrate Judge Baxter.
Objection to Magistrate Judge Report Recommendation

## Certificate of Service

I Certify that a True and Correct Copies of the within Objection to Magistrate Report Recommendation to the following First Class Mail via

Thank you

Respectfully Submitted

Abubaka C. Haqq

Pro 18-E DK 433.

Date: 8/5/2005

Commonwealth of Pennsylvania
Albion State Prison of Correctional
July 29th 2005

Abubaka A. Haqq
Pro/Se DK4133

Abubaka A. Haqq
10745 Route 18
Albion PA 16475-0002

Clerk office
United States District Court
For the Western District of
Pennsylvania P.O. Box 1820
Erie Pennsylvania. 16507.

Re: Haqq v. Wolfe.
Civil Action No. 03-277 (Erie).

Dear Sir/Madam

Please file the enclosed motion for Objection to Magistrate Judge, Report and Recommendation. Relative to the above Caption matter.

Thank you.

Respectfully Submitted
*[signature]*
Abubaka A. Haqq DK4133/Pro/Se